IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION,         Plaintiff,     v. S.F. ADVISORS, LLC, d/b/a AFFINITY CLUB NETWORK, LLC, JOHN LAROCCA, RAVI V. KOTHARE, and DAVID M. MASER         Defendants. | Case No. _____ |

### PLAINTIFF'S MOTION FOR EXPEDITED PRELIMINARY INJUNCTION

Plaintiff Major League Baseball Players Association ("Players Association") hereby moves the Court, pursuant to Fed. R. Civ. P. 65, to preliminarily enjoin defendant Affinity Club Network, LLC ("ACN") and the other defendants from using the Players Association's trademarks or violating publicity rights of its members. Moreover, because defendants are using and have threatened to keep using the Players Association's trademark rights and violating the rights of publicity of its members, the Players Association respectfully requests that ACN's response to this Motion be expedited, and that the Court hear and resolve the Motion as soon as its schedule permits prior to December 8, 2006.

In support of this motion, the Players Association states as follows:

1. The Players Association is an unincorporated association comprised of all persons who are currently employed as professional Major League baseball players. *See* Judith S. Heeter declaration, ¶ 2.

2. By virtue of written authorizations from its baseball player members, the Players Association holds the exclusive, world-wide right to use, license and sub-license the names,

signatures, biographical sketches and other personal indicia of active Major League baseball players in connection with all licenses, promotions, products and product lines utilizing three (3) or more major league baseball players ("Player Rights"). *See* Judith S. Heeter declaration, ¶ 3.

3.  For approximately forty (40) years, the Players Association has licensed companies to use the Player Rights in connection with a wide variety of types of businesses. *See* Judith S. Heeter declaration, ¶ 4.

4.  The Players Association also owns several registered trademarks, such as the PLAYERS CHOICE, PLAYERS CHOICE and Design and PLAYERS CHOICE CLUB trademarks. *See* Judith S. Heeter declaration, ¶ 5.

5.  When the Players Association agrees to grant a company a license to use Player Rights, that company is also licensed to use certain trademarks of the Players Association. *See* Judith S. Heeter declaration, ¶ 5.

6.  On November 15, 2004, the Players Association granted ACN a license to use Player Rights in connection with its direct-marketing membership clubs. *See* License Agreement, attached to Verified Complaint as Exhibit C.

7.  In the License Agreement, ACN acknowledged the Players Association's exclusive group licensing rights and that ACN required a license from the Players Association to lawfully operate its direct-marketing membership clubs. *See* Exhibit C, attached to Verified Complaint.

8.  The License Agreement also granted ACN a license to use the Players Association's registered marks in connection with the marketing, promotion, advertising, distribution, sale and administration of the baseball clubs. *See* Exhibit C, attached to Verified Complaint.

9. Pursuant to the terms of the License Agreement, ACN was to make royalty payments to the Players Association, based on percentages of membership fees, members' purchases of products, and sale of other sports and entertainment membership clubs. *See* Exhibit C, attached to Verified Complaint.

10. The License Agreement provided a guaranteed minimum royalty of $1,200,000 during 2006, made payable as follows: $150,000 on or before March 31, 2006; $300,000 on or before June 30, 2006; $400,000 on or before September 30, 2006; and $350,000 on or before December 31, 2006. *See* Exhibit C, attached to Verified Complaint.

11. The License Agreement contains a "Post-Termination/Expiration" clause delineating ACN's rights and obligations once its license with the Players Association is no longer in effect ("Post-Termination Clause"). *See* Exhibit C, attached to Verified Complaint.

12. The Post-Termination Clause provides that upon termination of the Agreement, ACN shall not use the Players Association's marks or Player Rights in any manner. *See* Exhibit C, attached to Verified Complaint.

13. The Post-Termination Clause further provides that failure to cease the advertisement, promotion and/or use of the Players Association's marks and the Players Rights will result in immediate and irreparable damage to the Players Association. *See* Exhibit C, attached to Verified Complaint.

14. ACN further acknowledged in the License Agreement that there is no adequate remedy at law for failure to cease such activities, and that the Players Association may commence an action in any court having jurisdiction and shall be entitled in such court to equitable relief and such other relief as a court may deem just and proper. *See* Exhibit C, attached to Verified Complaint.

1980369.3

15. On October 23, 2006, the Players Association notified ACN that its License Agreement with the Players Association had been terminated for ACN's failure to make timely payments. *See* Exhibit D, attached to Verified Complaint.

16. In the termination letter, the Players Association advised ACN of certain post-termination obligations, including the discontinuation of all use of licensed Rights and Trademarks. *See* Exhibit D, attached to Verified Complaint.

17. On November 2, 2006, the Players Association's counsel sent a letter to ACN, demanding that ACN immediately cease and desist its use of the Players Association's marks and any activity which utilizes the Player Rights without authority from the Players Association, and to fulfill its post-termination obligations pursuant to the License Agreement. *See* Exhibit F, attached to the Verified Complaint.

18. ACN continues to use the Players Rights and Marks in its operations, even though its use of the Player Rights and Marks is no longer licensed by the Players Association. *See* Judith S. Heeter declaration, ¶ 10.

19. ACN's unauthorized actions violate the Players Association's rights under the Lanham Act, 15 U.S.C. § 1114(a), and the Players Association's common law trademark rights. *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 296 (3d Cir. 1986); *Luis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 582 (E.D. Pa. 2002).

20. ACN has also violated the Players Association's members' rights of publicity. ACN is continuing to use the names and pictures of plaintiff's members for a trade purpose without the consent of plaintiff or plaintiff's members. *Fleer Corp. v. Topps Chewing Gum, Inc.*, 658 F.2d 139, 148 (3d Cir. 1981).

21. ACN's conduct irreparably harms the Players Association and its members. The Players Association's exclusive rights to the likenesses, names and descriptions of its members are quite valuable and enable the Players Association to protect the integrity, reputation and goodwill associated with its members, both individually and collectively.

22. The licenses that grant the Players Association's licensees the right to use likenesses and names of the players are also valuable in large part due to the limited number of licenses granted. Through its written agreements with authorized licensees which use the names, likenesses and descriptions of Major League baseball players, the Players Association is able to ensure the integrity, reputation and goodwill of the players and their licensing program. Through these licensing agreements, the Players Association is able to control the quality and the quantity of the products manufactured by its licensees. The Players Association currently has no such control over defendant's products. *See* Judith S. Heeter declaration, ¶ 11.

23. By using the names, likenesses and descriptions of the Players Association's members without authorization, ACN has irreparably damaged and continues to damage the Players Association and its members. *Opticians Ass'n of America v. Independent Opticians of America,* 920 F.2d 187, 196 (3d Cir. 1990).

24. Because of these violations of the Players Association's rights and because the Players Association has been and continues to be irreparably injured by ACN, the Players Association is entitled to a preliminary injunction enjoining ACN from further violations. *KOS Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir. 2004).

25. Contemporaneously with the filing of this Motion for Expedited Preliminary Injunction, the Players Association has filed a Verified Complaint with the Clerk of this Court.

1980369.3

WHEREFORE, for these reasons and as more fully set out in the accompanying Memorandum in Support of Plaintiff's Motion for Expedited Preliminary Injunction, the Court should enter an injunction that enjoins ACN and the other defendants from (1) continuing the use of the names, nicknames, likenesses, images, playing records or other persona indicia of active Major League baseball players; (2) any and all use of the PLAYERS CHOICE, PLAYERS CHOICE and Design and PLAYERS CHOICE CLUB marks in any format whatsoever, including the use of the marks on ACN's websites; and (3) any and all other relief that this Court deems just and reasonable.

Respectfully submitted,

*/s/ Camille M. Miller*

CAMILLE M. MILLER
MELANIE A. MILLER
COZEN O'CONNOR, P.C.
1900 Market St.
Philadelphia, PA 19103
Phone: (215) 665-7273
Fax: (215) 701-2273
cmiller@cozen.com
miller@cozen.com

Of Counsel:
RUSSELL S. JONES, JR.
TRAVIS SALMON
SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1500
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 (Fax)
rjones@stklaw.com
tsalmon@stklaw.com

Dated: November 28, 2006

1980369.3