IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAJOR LEAGUE BASEBALL PLAYERS )
ASSOCIATION, )
 )
      **Plaintiff,** )
 )
v. )   Case No. _____
 )
S.F. ADVISORS, LLC, d/b/a )
AFFINITY CLUB NETWORK, LLC, )
JOHN LAROCCA, RAVI V. KOTHARE, )
and DAVID M. MASER )
 )
      **Defendants.** )

**DECLARATION OF JUDITH S. HEETER IN
SUPPORT OF MOTION FOR EXPEDITED PRELIMINARY INJUNCTION**

STATE OF MISSOURI )
 ) ss:
COUNTY OF JACKSON )

The undersigned states as follows:

1. My name is Judith S. Heeter. I am employed as Director of Business Affairs and Licensing for the Major League Baseball Players Association ("Players Association"). I have held this position since 1990.

2. The Players Association is an unincorporated association organized and existing under the laws of the State of New York, comprised of all persons who are employed as active Major League baseball players. The Players Association is the exclusive collective bargaining agent for its members.

3. Virtually every active Major League baseball player signs a commercial authorization agreement granting the Players Association the exclusive right to license that player's name and other personal indicia in connection with products or services that involve three (3) or more Major League players ("Player Rights").

1984646.1

4.     The Players Association's group licensing program generates income which is distributed among all Major League baseball players. The program is strictly controlled so as to protect and enhance players' reputations and prevent over-exposure and dilution of the value of the players' publicity rights, as well as the value of a Players Association's license. The Players Association has been granting licenses for the use of these rights for approximately forty years.

5.     When the Players Association grants a license to use the name or likeness of a player, it also licenses the use of the Players Association logo and trademarks. The Players Association is the owner of multiple trademark registrations such as the PLAYERS CHOICE, PLAYERS CHOICE and Design and PLAYERS CHOICE CLUB trademarks.

6.     On November 15, 2004, the Players Association entered into a license agreement ("License Agreement") with ACN whereby the Players Association gave ACN a license to operate "player membership clubs" utilizing the PLAYERS CHOICE CLUB mark, as well as other Player Rights to provide benefits for ACN network members. The License Agreement provided that ACN was to pay the Players Association certain guaranteed minimum royalties throughout the contract.

7.     In 2006, ACN failed to pay $200,000 towards the guarantee minimum royalty, due on or before June 30, 2006. ACN also failed entirely to pay the sum of $350,000, due on or before September 30, 2006.

8.     On October 23, 2006, the Players Association notified ACN that its License Agreement had been terminated. In the termination letter, the Players Association advised ACN of certain post-termination obligations, including the discontinuation of all uses of the Player Rights and of the Players Association's trademarks.

1984646.1

9. On October 25, 2006, ACN sent an e-mail notification to its current members that utilized the PLAYERS CHOICE marks and indicated that member benefits would continue until December 31, 2006. ACN's indication that membership benefits will run through the end of 2006 is contrary to the immediate termination provisions in the License Agreement. Further, ACN's e-mail suggests that new club(s) will continue to utilize Player Rights in 2007, which is also contrary to the post-termination provisions and ACN's acknowledgement of the Player Association's rights contained in the License Agreement.

10. ACN continues to use the Players Rights in its business operations, even though its use of the Player Rights is no longer authorized by the Players Association. ACN also continues to use the Players Association's Marks, specifically the PLAYERS CLUB CHOICE and PLAYERS CHOICE and design marks, in its operations, even though it is no longer licensed to do so by the Players Association. Further, ACN has failed to comply with any of its post-termination obligations pursuant to the License Agreement.

11. Through licensing agreements, the Players Association is able to control the quality and the quantify of the products manufactured by its licensees. The Players Association currently has no such control over defendant's products.

_____
JUDITH S. HEETER

Subscribed and sworn to before me this ____ day of November 2006.

_____
Notary Public

My Commission Expires:

"NOTARY SEAL"
Kim Whittelsey-Dye, Notary Public
Jackson County, State of Missouri
My Commission Expires 9/28/2009
Commission # 05541725

3

1984646.1